## CITY RAILWAY CO v LEE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1127. Decided June 13, 1932

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

Shank & List, Dayton, and R. N. Brumbaugh, Dayton, for defendant in error.

476

KUNKLE, J.

Motion for new trial having been filed and overruled and judgment entered upon the verdict, error is prosecuted to this court. Many errors are assigned and urged by counsel for plaintiff in error. Counsel have favored the court with unusually exhaustive briefs in which many of the pertinent decisions of this and other states and of the United States Courts are cited and discussed.

The briefs also contain quotations in detail from various sections of the United States Code and of the Ohio Code. It will be unnecessary for us to requote these sections of the United States Code and of the Code of Ohio in detail as they are dwelt upon at length in the briefs with which counsel are familiar and were urged in the oral hearing of the case. We have read the record in this case and have considered the briefs of counsel with unusual care as the case presents some very interesting propositions.

We shall not attempt to review either the evidence or the authorities in detail but will content ourselves with merely announcing the conclusion at which we have arrived after a consideration of the record and the authorities cited.

At the commencement of the trial in the lower court, counsel for plaintiff in error presented an amended answer in so far as the third defense was concerned. This amendment contained the averments of the third defense in the original answer together with some additional averments.

Considerable stress is laid in the brief of counsel for plaintiff in error upon the failure of the trial court to permit this amendment to be filed. The filing of this amendment was within the discretion of the trial court.

Under the state of the record, we would not be warranted in finding that the trial court abused its discretion in refusing leave to file an amendment at that late date. The transcript of docket and journal entries shows that upon March 30, 1931 the third statement of defense in the answer was ordered stricken from the files and the plaintiff in error was given ten days in which to file an amended answer. No objection was made by counsel for plaintiff in error to the time within which an amended answer, if desired, should be filed.

No further effort was made by counsel for plaintiff in error to file such amendment until the date of the hearing which began on June 26th about 90 days after the original ruling and leave was granted.

From the record we are not prepared to find that the lower court abused its discretion in refusing to allow such amendment to be filed and in so far as the third defense is concerned the case therefore stands upon the ruling of Judge Snediker striking out the original third defense.

In addition to the briefs of counsel there have also been filed with us the written opinion of Judge Snediker striking out the third defense and the written opinion of

Judge Cecil in overruling the motion for a new trial. These opinions are quite exhaustive and also review many pertinent decisions and sections of the United States Code and the Code of Ohio. In view of the principal questions in the case having been so thoroughly reviewed by Judges Cecil and Snediker, we are of opinion that an additional extended decision in this case would not be helpful.

Upon the question of subrogation, we have examined the authorities, the pertinent sections of the United States Code and the record and from such examination are of opinion that there is nothing in the record which would warrant a claim of subrogation.

Counsel for plaintiff in error seriously contend that they were not permitted to show a transfer of the claim of defendant in error. We have considered the record upon this proposition and cannot escape the conclusion but that if a transfer or assignment of this claim existed that counsel would have had little difficulty in showing the same by the defendant in error or by the branch of the Government having charge of such matters. No such effort was made. Various witnesses were asked as to who was the real party in interest. That is a legal conclusion. If the plaintiff had been asked whether he had or had not made a transfer or assignment of this claim he could and doubtless would have furnished real information upon that subject.

Upon the proposition of an assignment of the claim of defendant in error the trial court in overruling the motion for a new trial suggested that if the defendant had any credible evidence that there was such assignment that he would be willing to consider such evidence and if necessary reconsider the case from that point of view; that if there was no such evidence then this whole question would be a moot one and have no place in the case. It thus appears that counsel for plaintiff in error had opportunity to present any new credible evidence that he might have a showing that the claim of defendant in error had been transferred or assigned but did not see fit to avail himself of that opportunity. Counsel for plaintiff in error suggest in their brief that this was a novel proposition upon the part of the trial court. Possibly so, but it afforded plaintiff in error an opportunity which he did not accept.

The direct evidence upon this question is found in two affidavits attached to the bill of exceptions near the close thereof. The one is the affidavit of William McCauley,

the Executive Secretary of the United States Employees' Compensation Commission. He states in his affidavit that it has not been the policy of this commission for a number of years to require the assignment of causes of action against third parties (other than the Government) entitled to the benefits of the said act to the United States or to the Commission. That such assignment has not and will not be required of Adelbert Lee. The other is the affidavit of Adelbert Lee, to the effect that he has not nor has he ever been requested to assign his cause of action or any part thereof to the Government.

It is true these affidavits were stricken out but they were stricken out upon the motion of plaintiff in error.

The third defense stricken out in part consists of conclusions of law and we are of opinion that the latter portion of the averments of the third defense which contains a statement of fact does not constitute a defense to this action.

We have examined the record and find no error thereon which we consider prejudicial to plaintiff in error in reference to either the admission or the exclusion of testimony.

We have also examined the charge of the court and when the same is considered as a whole, we think the same fully and fairly presented the case to the jury for its consideration.

Complaint is also made in reference to the court's ruling upon newly discovered evidence and various other grounds but we find no error therein which we consider prejudicial to plaintiff in error.

During the oral argument counsel for plaintiff in error did not stress the weight of the evidence but in effect admitted there was sufficient evidence in the record to warrant a finding in favor of defendant in error if the jury believed the testimony of certain of the witnesses. This admission of counsel for plaintiff in error avoids the necessity of the court considering the weight of the testimony. Counsel for plaintiff in error does, however, insist that the verdict is excessive. We concede that this is a very large verdict and had the members of this court been sitting as jurors we might not have returned a verdict for this amount but upon a careful consideration of the nature and the permanency of the injuries received by defendant in error; of the suffering endured and of the helpless condition in which the defendant in error is left by reason of this accident, we would not feel warranted in finding the amount

of the verdict was the result of passion or prejudice on the part of the jury.

We have considered all of the grounds of error urged by counsel for plaintiff in error in the very exhaustive briefs but finding no error in the record which we feel is prejudicial to plaintiff in error and which would warrant a reviewing court in disturbing the judgment, the same will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.

## ON MOTION FOR REHEARING

Decided July 8, 1932

BY THE COURT

Plaintiff in error has filed an application for a rehearing herein.

We have carefully considered this application and have reconsidered the case upon its merits.

While the case presents many interesting propositions, we are of opinion upon such reconsideration that the original decision should be adhered to. The application for rehearing will be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.